Mark Ankcorn (166871)
ANKCORN LAW FIRM, PC
11622 El Camino Real, Suite 100
San Diego, California 92130
(619) 870-0600
(619) 684-3541 fax
*mark@ankcorn.com*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Lizette Garcia**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Credit One Bank, N.A.**,<br><br>Defendant. | Case No.  **'16 CV 0706 BEN JLB**<br><br>**Complaint for Damages**<br><br>Jury Trial Demanded |

1.    Lizette Garcia ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and abusive attempts by Credit One Bank, N.A. ("Defendant"), and its agents to collect a debt, causing Plaintiff damages.

2.    For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

**Jurisdiction and Venue**

3.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227, and under 28 U.S.C § 1367 for pendant state law claims.

Complaint—1

4.     This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), as well as tortious conduct.

5.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that Plaintiff resides in this District, Defendant transacts business in this District and the acts giving rise to this action occurred in this District.

## Parties

6.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of Chula Vista, California. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39) and California Civil Code § 1788.2(g).

7.     Defendant is a national banking association operating from an address of 585 Pilot Road, Las Vegas, Nevada. Defendant is a person who, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Defendant is not an attorney or counselor at law, nor an association of such licensed professionals.

8.     At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

## Factual Allegations

9.     Cal. Civ. Code §§ 1788.2(d), (e), and (f) similarly define the terms "debt," "consumer credit transaction," and "consumer debt" together to include money which is due or owing, or alleged to be due or owing, from a natural person to another person and which is or was incurred primarily for personal, family, or household purposes.

10.     Defendant alleges in its communications with Plaintiff that Plaintiff is responsible for credit card debt that is due or owing. Defendant's

1   various communications with Plaintiff discussed in this Complaint all fall within

2   the term "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

3        11.   Plaintiff opened an account with Defendant in late 2014 or early

4   2015 and used it to pay a water bill for her home in the amount of approximately

5   two hundred ($200.00) dollars. The alleged debt was incurred for personal,

6   family, or household purposes and therefore meets the definition of a consumer

7   debt under Cal. Civ. Code § 1788.2(f).

8        12.   When she received her first bill from Defendant, it included not

9   only the $200 charge but also a $75 fee for "account opening," which she

10  immediately disputed. Unable to resolve the matter to her satisfaction, Plaintiff

11  instructed Defendant to close the account and paid the $200 for the water bill

12  she had charged to the account. Defendant, however, wrong believes that

13  additional amounts are owed and has undertaken a ceaseless campaign of

14  telephone harassment to convince Plaintiff to pay additional money.

15       13.   Plaintiff is a subscriber to cellular telephone services for a telephone

16  number ending in 5138, where she received the calls from Defendant complained

17  of herein.

18       14.   Beginning on or before May 14, 2015, Defendant initiated multiple

19  telephonic communications from various telephone numbers to Plaintiff's

20  cellular telephone number ending in 5138 using an automatic telephone dialing

21  system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or

22  prerecorded voice, as prohibited by 47 U.S.C. § 227 (b)(1)(A).

23       15.   This ATDS used by Defendant to call Plaintiff had the capacity to

24  store or produce telephone numbers to be called, using a random or sequential

25  number generator.

26       16.   Each of these calls was an attempt to collect on a consumer debt

27  allegedly due and owing by Plaintiff; the balance Defendant is trying to collect is

28  less than five hundred dollars.

17.     The calls continue to the present day and come virtually every day and often more than once per day. A list of the calls presently known to Plaintiff is set forth as Exhibit "A" to this Complaint and is incorporated herein by reference.

18.     These calls are harassing, repetitive, and deliberately calculated to intrude on Plaintiff's privacy. Examples of the abusive pattern and practice of calling are:

19.     In June 2015, Defendant called Plaintiff's cellular telephone number ending in 5138 note less than 94 times and called every day except for June 13, 2015.

20.     In July 2015, Defendant called Plaintiff's cellular telephone number ending 5138 not less than 258 times and called every day except for July 4, 2015.

21.     In August 2015, Defendant called Plaintiff's cellular telephone number ending 5138 not less than 251 times between August 1 and August 27, the only dates for which data is available.

22.     In September 2015, Defendant called Plaintiff's cellular telephone number ending 5138 not less than 181 times between September 8 and September 30, the only dates for which data is available.

23.     In October 2015, Defendant called Plaintiff's cellular telephone number ending 5138 not less than 291 times and called every day without exception.

24.     In November 2015, Defendant called Plaintiff's cellular telephone number ending 5138 not less than 103 times.

25.     In total, Plaintiff received at least 1,253 calls from Defendant on her cellular telephone number ending 5138 through November 30, 2015.

26.     The calls from Defendant continue to the present day and Plaintiff seeks discovery to determine the exact number and timing. Based on the call

history, Plaintiff conservatively estimates that well in excess of 2,000 calls have been placed by Defendant to her cellular telephone number ending 5138.

27.     None of the calls were made with Plaintiff's express consent.

28.     Each of the calls were made by Defendant or a third party acting on its behalf and under its control using telephone equipment that meets the definition of an "automatic telephone dialing system" under the TCPA.

29.     Plaintiff answered several of the above mentioned autodialed telephone calls from Defendant and asked Defendant to stop calling. Despite this clear and unmistakable request, the calls continue without interruption. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

30.     Several of the calls when answered played a pre-recorded message.

31.     At various times, Defendant programmed its telephone dialing system to show as the incoming caller ID number telephone numbers in the 619, 858, and 760 area codes.

32.     Upon information and belief, Plaintiff alleges that Defendant has no call center in the 619, 858, or 760 area code and instead used false and misleading caller ID information in a calculated effort to increase the rate at which Plaintiff and other consumers would answer Defendant's collection calls.

33.     Plaintiff on numerous occasions did answer Defendant's collection calls when showing a 619, 858, or 760 caller ID area code, believing it to be a friend or relative.

34.     When Defendant began employing false and deceptive caller ID information for its incoming calls, Defendant tricked Plaintiff into answering many calls she did not intend to take, causing increased telephone charges.

35.     Plaintiff also began to ignore or send to voice mail many incoming calls from numbers she did not recognize, out of frustration in dealing with

Defendant's unwanted and intrusive calls. In doing so, she missed many important communications from friends and family.

36.   Plaintiff's cellular telephone number ending in 5138 was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

37.   These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

38.   Plaintiff did not provide prior express consent to receive calls or messages placed utilizing an ATDS, as required by 47 U.S.C. § 227 (b)(1)(A).

39.   These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

40.   Additionally, Defendant used an artificial and/or pre-recorded voice to make calls to Plaintiff's cellular telephone, which is a separate and independent violation of the TCPA and makes Defendant liable for additional statutory damages.

41.   Through this conduct of calling Plaintiff and causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number, Defendant engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, in violation of 15 U.S.C. § 1692d(5), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

42.   Through this conduct of calling Plaintiff continuously after Plaintiff informed Defendant numerous times that Plaintiff wished the calls to cease, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is

incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

43.    Through this conduct of calling Plaintiff using deliberately false caller ID area code information, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

44.    Each of the above-described practices and conduct outlined in the preceding paragraphs also constitute unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

45.    Through this conduct of calling Plaintiff by means of an ATDS to a telephone number assigned to cellular service without first obtaining Plaintiff's express consent in order to collect on a consumer debt, Defendant used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

46.    Plaintiff felt frustrated, angry, and helpless as a result of the calls. The unrelenting, repetitious calls disrupted Plaintiff's daily activities and peaceful enjoyment of her personal life.

47.    The calls placed by Defendant to Plaintiff were extremely intrusive into Plaintiff's personal life by both pattern and volume, and had a detrimental affect on her relationships with close family members.

48.    Defendant is no stranger to TCPA litigation. On January 24, 2013, a consumer filed a putative national class action against Defendant alleging violations of the TCPA for making calls using an ATDS to call her cell phone. *Foote v. Credit One Bank, N.A.*, Case No. 2:13-cv-512 (C.D.Cal.). This lawsuit was

Complaint—7

1   resolved but during the time when Defendant was placing calls to Plaintiff
2   complained of here, it was facing at least three other national class actions for
3   similar TCPA claims. See, e.g., *Bridge v. Credit One Financial, d/b/a Credit One Bank,*
4   *N.A.*, Case No. 2:14-cv-1512 (D.Nev., filed Sept. 17, 2014); *Kristensen v. Credit One*
5   *Bank, N.A.*, Case No. 2:14-cv-7963 (C.D.Cal., filed Oct. 15, 2014); *A.D. v. Credit One*
6   *Bank, N.A.*, Case No. 1:14-cv-10106 (N.D.Ill., filed Dec. 17, 2014).

7   49.   Despite knowing its obligations under state and federal law to
8   refrain from placing unconsent calls to consumers' cell phones, Defendant
9   nevertheless placed more than two thousand calls to Plaintiff's cell phone in
10   deliberate disregard of those duties and obligations.

11   **First Claim for Relief**

12   **Telephone Consumer Protection Act — 47 U.S.C. § 227(b)(1)**

13   50.   Plaintiff incorporates by reference all of the above paragraphs of this
14   Complaint as though fully stated herein.

15   51.   Within a four-year period immediately preceding this action,
16   Defendant made more than two thousand calls to Plaintiff's cellular telephone
17   service using an automatic telephone dialing system and/or an artificial or
18   prerecorded voice in violation of the TCPA.

19   52.   As a direct and intended result of the above violations of the TCPA,
20   Defendant caused Plaintiff to sustain damages.

21   53.   Defendant did not have prior express consent from Plaintiff to use
22   an ATDS or to employ an artificial or prerecorded voice to call the Plaintiff's
23   cellular telephone.

24   54.   Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory
25   damages under the TCPA of not less than $500.00 for each and every violation
26   pursuant to 47 U.S.C. § 227(b)(3)(B).

27
28

55.    Defendant willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to as much as $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(C).

56.    Plaintiff is entitled to injunctive relief prohibiting such conduct in the future.

**Second Claim for Relief**

**RFDCPA — Cal. Civil Code §§ 1788-1788.32**

57.    Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

58.    The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

59.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);  statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant; and an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17 from Defendant.

**Third Claim for Relief**

**Negligence**

60.    Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

61.    Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the statutes described herein. Specifically, Defendant owed a duty to Plaintiff with regard to the manner of debt collection practices.

62.     Defendant breached Defendant's respective duties by engaging in the acts described herein each in violation of the statutes alleged herein.

63.     Plaintiff asserts that Defendant is both the actual and legal cause of Plaintiff's injuries.

64.     Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered significant emotional distress.

65.     Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct Defendant's conscious disregard for Plaintiff's rights entitles Plaintiff to recover punitive damages from Defendant.

**Fourth Claim for Relief**

**Invasion of Privacy**

66.     Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

67.     Plaintiff had an objectively reasonable expectation of privacy at home, at work, and when conducting her daily affairs, to expect that she would not be subject to a dozen or more phone calls every day for months at a time. Defendant's unrelenting campaign of harassment by placing nearly a thousand repeated phone calls intruded into this reasonable expectation of privacy.

68.     The frequency and cumulative volume of Defendant's phone calls were received in a manner that would be highly offensive to a reasonable person in the same or similar circumstances.

///

**Jury Trial Demand**

69.     Plaintiff demands a jury trial on each of the causes of action set forth above, including the amount of statutory damages.

**Prayers for Relief**

Wherefore, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

1.     An injunction against the calling of Plaintiff's cellular telephone by Defendant and its contractors, agents and employees;

2.     Damages pursuant to 47 U.S.C. § 227(b)(3);

3.     Damages pursuant to Cal. Civ. Code §§ 1788.17 and 1788.30;

4.     General, special, and punitive damages according to proof;

5.     Costs of litigation and reasonable attorneys' fees;

6.     Such other and further relief as the Court may deem just and proper

Dated:     March 23, 2016            Ankcorn Law Firm, PC

                                     */s/ Mark Ankcorn*

                                     Attorneys for Plaintiff